## THE WEST TROY WATER-WORKS COMPANY, RESPONDENT, v. THE VILLAGE OF GREEN ISLAND, APPELLANT.

*Temporary injunction — when it should not be granted — when the use of water by a village for public purposes will not be restrained on the application of the company furnishing it.*

By chapter 102 of 1881 the defendant was authorized to contract for a supply of water for public purposes in the village with the plaintiff, a corporation formed under chapter 737 of 1873, providing for the creation and formation of waterworks companies in towns and villages in the State. In pursuance of a contract entered into under the said law the plaintiff supplied water for certain hydrants and drinking fountains at an agreed price down to June, 1883. Being unable to agree upon the price to be paid in the future for the water to be supplied, the plaintiff brought this action to restrain the defendant from using the hydrants or drawing water therefrom.

Upon an appeal from an order granting a temporary injunction to that effect:

*Held*, considering that the privilege of laying the pipes in the streets imposed a duty to the public upon the company, that no irreparable injury could be inflicted upon the company by the use of the water, and that the village relied upon the existing arrangement to guard itself against fire; that the court below erred in granting the temporary injunction.

APPEAL from an order made at a Special Term granting a preliminary injunction restraining the defendant from using or interfering with the hydrants, mains, etc., of the plaintiff.

The West Troy Water-Works Company is a corporation organized under the general law of 1873, authorizing the formation of water-works companies in towns and villages. It was organized principally for the purpose of furnishing water to the village of West Troy. By section 4 of the act referred to (chap. 737, Laws of 1873) it had the right to lay its mains in the streets or avenues of Green Island, which is a village adjoining West Troy and in the same town. By chapter 102 of the Laws of 1881 the defendant was empowered by the legislature to contract with the plaintiff for the use of its water for public purposes. In pursuance of this law the plaintiff and defendant on the 18th of May, 1881, entered into a contract by which the plaintiff agreed to supply the defendant with water for fire and drinking purposes from twenty hydrants for the period of two years for the sum of $2,000 per year. The contract was afterwards extended for one month, or until June 1, 1883. Prior to the expiration of this contract the plaintiff notified the defendant that it could not continue to furnish water for less than $2,500 per year, and offered to increase the number of hydrants to twenty-five, in accordance with the said statute of 1881. The defendant refused to enter into such a contract, or to pay more than $2,000, and up to the commencement of this action had persisted in such refusal. Though no contract was executed the defendant, as the moving affidavits show, continued to use the plaintiff's hydrants for the extinguishment of fires, and the president of the defendant has threatened to continue such use. The defendant receives its protection from fire from hose companies using the hydrants of the plaintiff, which afford sufficient head for that purpose. Finding that the defendant would not enter into the proposed contract, and was still determined to use the plaintiff's hydrants if its officers thought it necessary, the plaintiff commenced this action to restrain such use, and upon a complaint and affidavit setting forth the above facts moved for an injunction.

*Henry A. King*, for the appellant.

*Esek Cowen*, for the respondent.

BY THE COURT. :

It is not necessary now to decide whether, on a final hearing, the court might, or might not, restrain the defendant. (*Powers* v. *Village of Athens*, 19 Hun, 165.) There are several reasons why, in our opinion, the present injunction should not be maintained.

The plaintiffs were incorporated for the purpose of supplying water. For that purpose they are permitted to enjoy certain privileges of laying their pipes in streets and the like. Like railroad corporations therefore, and other similar bodies, they owe a duty to the public to perform the purposes of their organization. We are not therefore ready to say, that they have an absolute right to refuse to supply water, except at such price as they may choose to fix. At any rate, if they have such right, its exercise may be very inequitable and ought not necessarily to be aided in equity.

This case, then, is not one where a defendant is trespassing upon the rights of a plaintiff, who owes him no duty. It is more like the case of one who desires to send goods by a railroad, while the railroad insists upon a price which he considers excessive. A court of equity would not restrain the owner of the goods from shipping them, although the parties could not agree upon the price.

Again, no argument is needed to show that there is no irreparable injury. The plaintiffs have for several years supplied the defendant with water, in the very manner in which the defendant now seeks to enjoy it. The plaintiffs are still able and willing to give the same supply, only they demand a higher price. Therefore the question is only one of money. The previous acts of the plaintiffs in supplying water to defendant has not caused irreparable injury to the plaintiffs. It can cause none to continue the supply.

Again the plaintiffs say it would be impossible to determine the value of the use of the water, if defendant should continue to use it. How can this be? The parties determined the value before at a certain price. There is no impossibility in determining it again. What the parties determined for themselves must be capable of determination by a tribunal, if the parties do not agree. Again, public interest demands that this injunction shall not stand. The protection of the village from fire is so important, that equity ought not to interfere summarily and suddenly with this protection, even though the plaintiffs might have some difficulty or delay in obtain-

ing the compensation which they claim. The village has relied upon the existing arrangement to guard itself against fire. This is so important to life and property that it would be an improper use of equitable powers to break up the arrangement suddenly, merely to promote the pecuniary benefit of the plaintiffs.

These remarks are made solely with reference to this injunction. What may be just between these parties upon a final hearing; how the disagreement as to price is to be determined; whether it can or cannot be determined in this suit; whether a failure to agree might not, in the end, justify a final judgment enjoining the defendant, and many other matters are left undecided.

The injunction should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.